UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
SEP 1 3 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

FRANCIS IBE MOGU
c/o Grant Kaplan
7200 W Camino Real, Suite 102
Boca Raton, FL 33433
Tel: 561-347-8337

        Plaintiff

        V.

MICHAEL CHERTOFF,
Secretary of the Department of
Homeland Security

and

CONDOLEEZZA RICE
U.S. Secretary of State

and

ALBERTO R. GONZALES,
Attorney General

and

ERIC M. BOST
U.S. Ambassador to South Africa

and

ROSEMARY MELVILLE, DIRECTOR
U.S. Citizenship and Immigration Services
U.S. Department of Homeland Security

and

STEVEN COFFMAN
Consul General
1 River Street
Killarney
2193 Gauteng
South Africa

Case: 1:07-cv-01629
Assigned To : Kennedy, Henry H.
Assign. Date : 9/13/2007
Description: Admn. Agency Review

1

and

**CHARLES LUOMA**
Consular Officer
1 Rive Street
Killarney
2193 Gauteng
South Africa

and

**ELIZABETH N. SCHLACTER**
Consular Officer
1 River Street
Killarney
2193 Gauteng
South Africa

                         **Defendants**

2

# COMPLAINT

# WRIT OF MANDAMUS

COMES NOW Francis Ibe Mogu (Professor Mogu), Plaintiff in the above-styled and numbered case and for his cause of action would show the following:

1. This action is brought against the Defendants to compel action on a Petition for the adjudication relating to the United States Diversity Visa Lottery Program, to challenge the authority of the consul to take or fail to take an action as opposed to a decision taken within the consul's discretion. Defendants have failed to refer Plaintiff's case to the Department for an advisory opinion, or reconsider their refusal, relating to the random selection of the Plaintiff in terms of the above mentioned Diversity Visa Lottery Program, to Plaintiff's detriment.

# PARTIES

2. Professor Francis Ibe Mogu is a native and citizen of Nigeria and is presently resident in Kwaluseni, Swaziland. The plaintiff was randomly selected under the United States Diversity Visa Lottery Program and attended (pursuant to a request to do so) at the United States Consulate in Johannesburg, Republic of South Africa, together with his son, 13 years of age Simon Ijing Mogu, Junior. This interview took place on Tuesday, March 6, 2007 and was followed by another

3

interview on Thursday March 22, 2007. The Plaintiff and his son's applications were denied on the basis that his son's replacement passport was found not to be genuine. The full circumstances relating to the passport are set out hereunder. Notwithstanding that a new passport was immediately procured, together with profuse apologies *by the plaintiff and representatives Officers at the Nigerian Consulate in Johannesburg, South Africa,* the Consular Officers at the United States Consulate in Johannesburg refused to adjudicate this matter in the light thereof, and *the* Plaintiff was accused of knowingly presenting a false document to the United States Government. Plaintiff and his son's passports were confiscated, Plaintiff's visitor's visa to the United States was cancelled and Plaintiff was accused of purchasing the false passport in the streets of Johannesburg and being a member of a false passport gang. Plaintiff was also erroneously advised that his son, Simon Mogu, Junior, was not his biological child. Subsequent DNA tests were carried out, which ascertained that Simon Mogu, Junior, was indeed the son of the Plaintiff.

3. Defendant Michael Chertoff is the Secretary of the Department of Homeland Security of the United States (the "Secretary"), and this action is brought against him in his official capacity. He is generally charged with the enforcement of the Immigration and Nationality Act ("INA"), and is further authorized to delegate such powers and authority to subordinate employees of the Department of Homeland Security. INA S103 (a); 8U.S.C. S1103 (a). More specifically, the Secretary is responsible for the adjudication of applications for adjustment of status filed pursuant to INA S245, 8 U.S.C. S1255. The USCIS is an agency

within the Department of Homeland Security to whom the Secretary's authority has in part been delegated, and is subject to the Secretary's supervision.

4. Defendant Alberto Gonzalez is the Attorney General of the United States and this action is brought against him in his official capacity.

5. Defendant, Condoleezza Rice is the Secretary of State of the United States and is sued herein in her official capacity. Defendant Rice is responsible for the administration of the Immigration and Nationality Act as it relates to American consular offices. 8 U.S.C. 1104. Her rulings on matters of law are binding on American consular officers. 22 C.F.R. 41.121(d).

6. Defendant, Eric M. Bost is the United States Ambassador assigned to the United States Embassy in Johannesburg, under the jurisdiction of Defendant, Rice. This Defendant is sued herein in his official capacity.

7. Defendant, Rosemary Melville is the Director of U.S. Citizenship and Immigration Services and this action is brought against her in her official capacity.

8. Defendant, Steven Coffman is the Consul General in South Africa and this action is brought against him in his official capacity.

9. Defendant, Charles Luoma is the Consular Officer in the Killarney, South African office and this action is brought against him in his official capacity.

10. Defendant, Elizabeth N. Schlacter is the Consular Officer in the Killarney, South African office and this action is brought against him in his official capacity.

## JURISDICTION

11. Jurisdiction in this case is proper under Patel v. Reno, 134 F.3d 929 (9th Cir. 1997), and Mulligan v. Schultz, 848 F.2d 655 (5th Cir 1988), and 22 C.F.R. S 40.6 (c) (d) (e), 28 U.S.C S1331 and 1361, 5 U.S.C S 701, et seq., and 28 U.S.C S2201 et seq. Relief is requested pursuant to said statutes.

## VENUE

12. Venue is proper in this court pursuant to 28 U.S.C S1391 (e), in that this action against officers and agencies of the United States in their official capacities, brought in a District where a Defendant resides and where a substantial part of the events or omissions giving rise to Plaintiff's claims occurred. More specifically, discussions and court proceedings took place within the jurisdiction of this court.

## CHALLENGING THE AUTHORITY OF THE SECRETARY OF STATE

13. Plaintiff has exhausted his administrative remedies. Plaintiff is not challenging the discretion of consul, but rather the authority of the Secretary of State, per

6

Mulligan v. Schultz, 484 F. 2d 655 (5th Cir 1988), and Patel v. Reno 134 F.3d 929 (9th Cir. 1997).

## REFUSALS OF VISAS SHOULD BE IN CONFORMANCE WITH THE PROVISIONS OF 22 C.F.R 40.6 (c) (d) (e)

14. Under 22 C.F.R. S 40.6 (c), Plaintiff was denied the opportunity to overcome his ineligibility, even after presenting additional evidence, and his case was not referred to the Department for an advisory opinion. Under 22 C.F.R. S 40.6 (d), the Department did not request a report from the consular officer to review their denial of Plaintiff's immigrant visa . Under 22 C.F.R. S 40.6 (e), Plaintiff was denied reconsideration of refusal, despite Plaintiff remitting evidence to overcome the ground of ineligibility on which the refusal was based.

## CAUSE OF ACTION

15. The Plaintiff applied for and was successful in his application under the United States Diversity Visa Lottery Program (his selection number is 2007AF000007913). Pursuant to his successful application, Plaintiff and his son, Simon Ijing Mogu, Junior, attended *a Diversity Immigrant Visa interview* at the United States Consulate in Johannesburg, South Africa, on March 6, 2007. The interview was not completed and they were requested to return on Thursday March 22, 2007, at which time the applications were denied. At the interview, Plaintiff's son's replacement passport was found by the Consular Official not to be genuine. Plaintiff is a single parent. The son had stayed behind in Nigeria

7

with Plaintiff's sister to conclude his primary school education, when Plaintiff arrived in Swaziland in July 2003 to teach at the University of Swaziland. Plaintiff's son joined Plaintiff on February 10, 2005, but en route in doing so, lost his original Nigerian passport, his South African Airways flight ticket and his World Health Organization Medical card at the airport in Swaziland. Efforts to retrieve the lost documents proved unsuccessful. During July 2005, the Plaintiff traveled to Nigeria and reported the loss of his son's documents to the Nigerian Immigration Office, where he requested a replacement passport to enable Plaintiff's son to travel in and out of Swaziland. Plaintiff's son was issued a replacement passport which was the document found by the Consular Official not to be genuine. Plaintiff was astounded by this and was accused by the Consular Officer of knowingly presenting a false document to the United States Government. The Officer confiscated both Plaintiff and his son's passports, cancelled Plaintiff's visitor's visa to the United States and accused Plaintiff of buying a false passport in the streets of Johannesburg and being a member of a false passport gang. *She also told the plaintiff that he could not appeal in this immigrant visa matter* and formally denied the applications for the immigrant visas under a charge of Alien Smuggling under Section 212(a)(6)(E) of the U.S. Immigration and Nationality Act.

16. Plaintiff immediately undertook to investigate the situation with the Nigerian Consulate and in addition, *requested the United States Consulate in Johannesburg to do an independent and requisite DNA test from the plaintiff's blood sample in their assigned clinic and match with that of plaintiff's son* to prove that he was the biological father of his son, Simon Ijing Mogu, Junior. Plaintiff's passport was

8

returned to him after about five hours, but not his son's passport on the day of the initial interview, March 6, 2007.

17. Plaintiff immediately proceeded to the Consulate General of the Federal Republic of Nigeria in Johannesburg and explained the situation to them. He further demanded and received a genuine replacement passport (Number A4135871) for his son, and immediately *corresponded via Email* with the United States Consulate.

18. In the circumstances the Plaintiff was not afforded a full and fair hearing/adjudication before the United States Consulate in Johannesburg, South Africa, and who were not fully apprised of the Plaintiff's position in the light of the abovementioned facts. Plaintiff never knowingly presented a false document to any representatives of the United States Government and immediately took steps to rectify this situation. Furthermore, Plaintiff has been portrayed by the United States Consular officials in a very biased *and* bad light and has had his existing visa cancelled with the appropriate endorsements placed into the system, reflecting these facts.

19. Numerous inquiries were made thereafter by Plaintiff's Attorney and by Plaintiff, to Defendants and to the United States Consulate in Johannesburg, South Africa, which *have* elicited no response whatsoever.

20. The United States Consulate in Johannesburg, South Africa has a duty to adjudicate Plaintiff's application in the light of the facts contained above, but has not done so.

21. Defendants' refusal to act in this case is arbitrary and not in accordance with the law. Defendants willfully and unreasonably have delayed and have refused to adjudicate this matter forthwith, thereby depriving him of the right to a decision on his status and the peace of mind to which Plaintiff is entitled. Under Administrative Procedure Act (APA) and mandamus power, courts have afforded relief to those aggrieved by unreasonable delay in adjudication of visa applications, Kim v. Ashcroft, 340F. supp. 2d 384, 393 (S.D.N.Y. 2004) (noting that "although there is no statutory or regulatory deadline by which the [agency] must adjudicate [an immigration] application, at some point defendant's failure to take any action runs afoul of [the APA]; id. (stating that agency "does not possess unfettered discretion to relegate aliens to a state of limbo, leaving them to languish there indefinitely") (internal quotation marks omitted); Agbemaple v. INS, 1998 WL 292441, *2(N.D. III. May, 18, 1998); Yu v. Brown, 36 F. Supp. 2d 922, 929-30, 935 (D.N.M. 1999). Where delay is unreasonable, injunctive relief is warranted.

22. Plaintiff has been damaged by the failure of Defendants to act in accordance with their duties under the law.

23. Defendants, in violation of the Administrative Procedures Act, 5 U.S.C. Sections 555(b), 701 et seq, are unlawfully withholding or unreasonably delaying action to the detriment of Plaintiff, have failed to carry out the adjudicative functions delegated to them by law in regard to Plaintiff's case.

## PRAYER

WHEREFORE in view of the arguments and authorities noted herein, Plaintiff respectfully prays that Court enters an Order:

1. Compelling Defendants/U.S. Consulate, Johannesburg, South Africa to adjudicate the Plaintiff's application under the United States Diversity Visa Lottery Program;

2. Awarding Plaintiff his reasonable Attorney's fees.

3. Granting such other relief at law and in equity as justice may require.

Respectfully submitted,

Grant Kaplan, Esq.
Counsel for Plaintiff.
7200 W. Camino Real, Suite 102
Boca Raton, FL 33433
Tel: (561) 347-8337
Fax: (561) 347-8292

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

| I (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| FRANCIS IBE MOGU | MICHAEL CHERTOFF, CONDOLEEZA RICE, ALBERTO R. GONZALES, ERIC M. BOST, ROSEMARY MELVILLE, STEVEN COFFMAN, CHARLES LUOMA, ELIZABETH N. SCHLACTER |

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

GRANT KAPLAN
7200 W CAMINO REAL, SUITE 102
BOCA RATON
FL 33433

Case: 1:07-cv-01629
Assigned To : Kennedy, Henry H.
Assign. Date : 9/13/2007
Description: Admn. Agency Review

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government Plaintiff
○ 3 Federal Question (U.S. Government Not a Party)
◉ 2 U.S. Government Defendant
○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

| ○ A. Antitrust | ○ B. Personal Injury/Malpractice | ⊗ C. Administrative Agency Review | ○ D. Temporary Restraining Order/Preliminary Injunction |
|---|---|---|---|
| ☐ 410 Antitrust | ☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury<br>☐ 362 Medical Malpractice<br>☐ 365 Product Liability<br>☐ 368 Asbestos Product Liability | ☐ 151 Medicare Act<br><br>Social Security:<br>☐ 861 HIA ((1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g)<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g)<br>Other Statutes<br>☐ 891 Agricultural Acts<br>☐ 892 Economic Stabilization Act<br>☐ 893 Environmental Matters<br>☐ 894 Energy Allocation Act<br>☒ 890 Other Statutory Actions (If Administrative Agency is Involved) | Any nature of suit from any category may be selected for this category of case assignment.<br><br>*(If Antitrust, then A governs)* |

| ○ E. General Civil (Other) | OR | ○ F. Pro Se General Civil | |
|---|---|---|---|

| Real Property | Bankruptcy | Forfeiture/Penalty |  |
|---|---|---|---|
| ☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent, Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property<br><br>Personal Property<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br><br>Prisoner Petitions<br>☐ 535 Death Penalty<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition<br><br>Property Rights<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 840 Trademark<br><br>Federal Tax Suits<br>☐ 870 Taxes (US plaintiff or defendant<br>☐ 871 IRS-Third Party 26 USC 7609 | ☐ 610 Agriculture<br>☐ 620 Other Food &Drug<br>☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 630 Liquor Laws<br>☐ 640 RR & Truck<br>☐ 650 Airline Regs<br>☐ 660 Occupational Safety/Health<br>☐ 690 Other<br><br>Other Statutes<br>☐ 400 State Reapportionment<br>☐ 430 Banks & Banking<br>☐ 450 Commerce/ICC Rates/etc.<br>☐ 460 Deportation | ☐ 470 Racketeer Influenced & Corrupt Organizations<br>☐ 480 Consumer Credit<br>☐ 490 Cable/Satellite TV<br>☐ 810 Selective Service<br>☐ 850 Securities/Commodities/Exchange<br>☐ 875 Customer Challenge 12 USC 3410<br>☐ 900 Appeal of fee determination under equal access to Justice<br>☐ 950 Constitutionality of State Statutes<br>☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act |

| ○ G. *Habeas Corpus/ 2255* | ○ H. *Employment Discrimination* | ○ I. *FOIA/PRIVACY ACT* | ○ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ○ K. *Labor/ERISA (non-employment)* | ○ L. *Other Civil Rights (non-employment)* | ○ M. *Contract* | ○ N. *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
◉ 1 Original Proceeding   ○ 2 Removed from State Court   ○ 3 Remanded from Appellate Court   ○ 4 Reinstated or Reopened   ○ 5 Transferred from another district (specify)   ○ 6 Multi district Litigation   ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
28 U.S.C S1331 & 1361, 5 U.S.C S701, et seq., & 28 U.S.C S2201 et seq. WRIT OF MANDAMUS

**VII. REQUESTED IN COMPLAINT**   CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 ☐   DEMAND $ _____   Check YES only if demanded in complaint
JURY DEMAND:   YES ☐   NO ☐

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   YES ☐   NO ☒   If yes, please complete related case form.

DATE  09.12.07   SIGNATURE OF ATTORNEY OF RECORD _____

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I. COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV. CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI. CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.