## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

---

**FRANCIS IBE MOGU,**

                **Plaintiff,**

        **v.**                                        **Civil Action 07-01629  (HHK)**

**MICHAEL CHERTOFF, et al.,**

                **Defendants.**

---

### MEMORANDUM OPINION

Plaintiff, Francis Mogu ("Mogu"), brings this action against Secretary of the Department of Homeland Security Michael Chertoff, Secretary of State Condoleeza Rice, Attorney General Alberto Gonzales,[1] Ambassador Eric Bost, Director of U.S. Citizenship and Immigration Services Rosemary Melville, Consul General Steven Coffman, and Consular Officers Charles Luoma and Elizabeth Schlacter (collectively "defendants") in their official capacities.  Mogu seeks a writ of mandamus to compel adjudication of his visa application and an injunction preventing defendants from denying him a visa.  Defendants have filed a motion to dismiss. Upon consideration of the motion, the opposition thereto, and the record of this case, the court concludes that defendants' motion must be granted.

---

[1]  Alberto Gonzales' successor, Michael Mukasey, is substituted as a party, pursuant to Fed. R. Civ. P. 25(d)(1).

## I. BACKGROUND

Mogu is a native and citizen of Nigeria. In 2007, Mogu was randomly selected under the United States Diversity Lottery Program[2] and, together with his son Simon Mogu, attended two interviews at the United States Consulate in South Africa during March 2007.[3] The Mogus' applications were denied on the basis that the son's passport was not genuine. The Mogus' passports were both confiscated and their visas were cancelled.

Mogu obtained a replacement passport for his son and a DNA test to prove their relationship. The United States Consulate refused, however, to take any further action with respect to the Mogus' visa application. Mogu brought suit in this court on September 13, 2007.

## II. ANALYSIS

Defendants move to dismiss this action on the grounds that Mogu's claim is moot.[4] Defendants' position has merit.

Under Article III of the Constitution, federal courts may only adjudicate "actual, ongoing controversies," *Honig v. Doe*, 484 U.S. 305, 317 (1988), and "lack jurisdiction to decide moot

---

[2] The diversity visa lottery program is administered by the Department of State and makes a limited number of immigrant visas available each year to individuals from countries that have historically had low rates of immigration to the United States. 8 U.S.C. § 1153(c). An immigrant who is selected under the diversity lottery visa program is not guaranteed a visa as there are more "lottery winners" than visas available. To obtain one of the available visas, a "lottery winner" must complete and file her immigrant visa application, attend a visa interview, and be approved for a visa while visas are still available.

[3] Immigration law provides that an unmarried child under the age of 21 may obtain a visa through their immigrating parent(s). 8 U.S.C. § 1153(d). However, the child's visa is derivative of the parent's visa, and the child only obtains a visa if the parent is issued a visa.

[4] Defendants also move to dismiss Mogu's claim on the grounds that the court does not have subject matter jurisdiction under the doctrine of consular nonreviewability. The court does not reach this argument as the court dismisses the claim as moot.

2

cases." *Iron Arrow Honor Soc'y v. Heckler*, 464 U.S. 67, 70 (1983).  A case is moot and must be dismissed when "events outrun the controversy such that the court can grant no meaningful relief." *McBryde v. Comm. to Review*, 264 F.3d 52, 55 (D.C. Cir. 2001), *cert. denied*, 537 U.S. 821 (2002).

The diversity visa program is a limited-time offer.  An immigrant who qualifies for a visa under the program is "eligible to receive such visa *only* though the end of the specific fiscal year for which they were selected."  8 U.S.C. § 1154(a)(1)(I)(ii)(II) (emphasis added); *see also* 22 C.F.R. § 42.33(a)(1) ("The eligibility for a visa . . . ceases at the end of the fiscal year in question.").  There are no exceptions to this rule.  22 C.F.R. § 42.33(a)(1) ("Under no circumstances may a consular officer issue a visa or other documentation to an alien after the end of the fiscal year during which an alien possesses diversity visa eligibility.").  At midnight on the last day of the fiscal year, any "lottery winner" who is not already in possession of an immigrant visa number is no longer eligible to obtain a diversity visa based on her eligibility during the fiscal year that just ended.  22 C.F.R. § 42.33(d) (stating that even if an immigrant has an approved petition through the diversity visa program, the petition ceases to be valid after "midnight of the last day of the fiscal year for which the petition was approved"); 22 C.F.R. § 42.33(f) (stating that no immigrant visa numbers will "be allotted after midnight of the last day of the fiscal year for which the petition was submitted and approved").

Mogu was selected as a diversity visa "lottery winner" for the 2007 fiscal year.  The 2007 fiscal year ended on September 30, 2007.  *See* Congressional Budget Act of 1974, 2 U.S.C. § 631 (1997).  Thus, Mogu's eligibility to receive a visa through the diversity visa program ended at midnight on September 30, 2007.  8 U.S.C. § 1154(a)(1)(I)(ii)(II); 22 C.F.R. § 42.33.  The

statutory language and implementing regulations of the diversity visa program make clear that there are no circumstances under which Mogu could receive a visa through the diversity visa program after his eligibility expired at midnight on September 30, 2007.  *Id.*

Though unforgiving, this strict interpretation of the diversity visa statute has been adopted by every Circuit Court to have addressed the issue.  *Mohamed v. Gonzales*, 436 F.3d 79, 81 (2nd Cir. 2006) ("Despite the harsh consequences of this result, we are compelled, as our sister circuits have recognized, to apply the unambiguous language of the operative statutory framework."); *Coraggioso v. Ashcroft*, 355 F.3d 730, 734 (3rd Cir. 2004) ("If Congress had used different language, our analysis may be different.  We are compelled, however, to interpret the statute as written."); *Iddir v. I.N.S.*, 301 F.3d 492, 501 (7th Cir. 2002) ("Based on the statutory deadline set by Congress, the INS lacks the statutory authority to award the relief sought by the plaintiffs."); *Carrillo-Gonzalez v. I.N.S.*, 353 F.3d 1077, 1079 (9th Cir. 2003) ("We hold that the doctrine of equitable tolling has no application in cases involving the Congressionally-mandated, one-year deadline of the DV Lottery Program."); *Nyaga v. Ashcroft*, 323 F.3d 906 (11th Cir. 2003) ("The INS's failure to process [plaintiff's] application does not extend [plaintiff's] statutorily-limited period of eligibility for a diversity visa.").

Because the 2007 fiscal year has already concluded, Mogu seeks relief that this court cannot provide.[5]  Accordingly, his claim is moot and this court lacks jurisdiction to adjudicate it. *Iron Arrow*, 464 U.S. at 70.

---

[5]  Mogu argues that his claim is not moot because it was filed on September 13, 2007, before the 2007 fiscal year concluded on September 30.  Mogu is wrong.  A court determines whether a case is moot at the time of review and not at the time of filing.  *Steffel v. Thompson*, 415 U.S. 452, 459 n.10 (1974).

4

### III.  CONCLUSION

For the foregoing reason, defendants' motion to dismiss is **GRANTED**.  An appropriate order accompanies this memorandum.


May 8, 2008

Henry H. Kennedy, Jr.
United States District Judge
