# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

FRANCIS IBE MOGU
_____
                    Plaintiff

              vs.                    Civil Action No. 07 - 01629

MICHAEL CHERTOFF, ET AL.,
_____
                    Defendant

## NOTICE OF APPEAL

Notice is hereby given this  28th  day of  MAY  , 20 08 , that

hereby appeals to the United States Court of Appeals for the District of Columbia Circuit from

the judgment of this Court entered on the  8th  day of  MAY  , 20 08

in  favor of

against said

_____
          G Kaptan Pf. ESQ.
          Attorney or Pro Se Litigant

(Pursuant to Rule 4(a) of the Federal Rules of Appellate Procedure a notice of appeal in a civil
action must be filed within 30 days after the date of entry of judgment or 60 days if the United
States or officer or agency is a party)

**CLERK**   Please mail copies of the above Notice of Appeal to the following at the addresses
          indicated:

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

FRANCIS IBE MOGU                    )
                                    )
        Plaintiff              )
                                    )    Civil Action No. 07-01629
        V.                     )
                                    )
MICHAEL CHERTOFF, et al.,
Secretary of the Department of Homeland Security
                                    )
                                    )
        Defendants              )

## APPEAL OF MEMORANDUM OPINION

    Plaintiff, by and through the undersigned counsel, respectfully files this Appeal to Defendants' Motion to Dismiss, and in support states as follows:

    This court has exclusive jurisdiction over this matter, and the Order that this action be dismissed should be denied on appeal. Defendants have failed to refer Plaintiff's case to the Department for an advisory opinion, or reconsider their refusal, relating to the random selection of the Plaintiff in terms of the above mentioned Diversity Visa Lottery Program, to Plaintiff's detriment.

    Plaintiff requests this Honorable court to adjudicate his application for United States Diversity Visa Lottery Program and reverse the decision dismissing Plaintiff's previous motion.

    Plaintiff filed his complaint in the U.S. District Court for the District of Colombia on September 13, 2007; the period of eligibility for the 2007 diversity visa program did not expire until September 30, 2007 thus the complaint was not moot. Kim v Ahscroft, 340 F. Supp. 2d 384, 393 (S.D.N.Y. 2004) (noting that "although there is no statutory or regulatory deadline by which the [agency] must adjudicate [an immigration] application, at some point defendants' failure to take any action runs afoul of [the APA]"; id. (Stating that agency "does not possess unfettered discretion to relegate aliens to a state of limbo, leaving them to languish there indefinitely") (Internal quotation marks omitted).

1

## BACKGROUND

1.  The Plaintiff applied for and was successful in his application under the United States Diversity Visa Lottery Program (his selection number is 2007AF000007913). Pursuant to his successful application, Plaintiff and his son, Simon Ijing Mogu, Junior, attended a Diversity Immigrant Visa interview at the United States Consulate in Johannesburg, South Africa, the applications were denied. At the interview, Plaintiff's son's replacement passport was found by the Consular Official not to be genuine. Plaintiff is a single parent. The son had stayed behind in Nigeria with Plaintiff's sister to conclude his primary school education, when Plaintiff arrived in Swaziland in July 2003 to teach at the University of Swaziland. Plaintiff's son joined Plaintiff on February 10, 2005, but en route in doing so, lost his original Nigerian passport, his South African Airways flight ticket and his World Health Organization Medical card at the airport in Swaziland. Efforts to retrieve the lost documents proved unsuccessful. During July 2005, the Plaintiff traveled to Nigeria and reported the loss of his son's documents to the Nigerian Immigration Office, where he requested a replacement passport to enable Plaintiff's son to travel in and out of Swaziland. Plaintiff's son was issued a replacement passport which was the document found by the Consular Official not to be genuine. Plaintiff was astounded by this and was accused by the Consular Officer of knowingly presenting a false document to the United States Government. The Officer confiscated both Plaintiff and his son's passports, cancelled Plaintiff's visitor's visa to the United States and accused Plaintiff of buying a false passport in the streets of Johannesburg and being a member of a false passport gang. She also told the plaintiff that he could not appeal in this immigrant visa matter and formally denied the applications for the immigrant visas under a charge of Alien Smuggling under Section 212(a)(6)(E) of the U.S. Immigration and Nationality Act.

2.  Plaintiff immediately undertook to investigate the situation with the Nigerian Consulate and in addition, requested the United States Consulate in Johannesburg to do an independent and requisite DNA test from the plaintiff's blood sample in their assigned clinic and match with that of plaintiff's son to prove that he was the

2

biological father of his son, Simon Ijing Mogu, Junior. Plaintiff's passport was returned to him after about five hours, but not his son's passport on the day of the initial interview, March 6, 2007.

3. Plaintiff immediately proceeded to the Consulate General of the Federal Republic of Nigeria in Johannesburg and explained the situation to them. He further demanded and received a genuine replacement passport (Number A4135871) for his son, and immediately corresponded via Email with the United States Consulate.

4. In the circumstances the Plaintiff was not afforded a full and fair hearing/adjudication before the United States Consulate in Johannesburg, South Africa, and who were not fully apprised of the Plaintiff's position in the light of the abovementioned facts. Plaintiff never knowingly presented a false document to any representatives of the United States Government and immediately took steps to rectify this situation. Furthermore, Plaintiff has been portrayed by the United States Consular officials in a very biased and bad light and has had his existing visa cancelled with the appropriate endorsements placed into the system, reflecting these facts.

5. Numerous inquiries were made thereafter by Plaintiff's Attorney and by Plaintiff, to Defendants and to the United States Consulate in Johannesburg, South Africa, which have elicited no response whatsoever.


## ANALYSIS

6. The court's dismissal of Plaintiff's reply on the grounds that Plaintiff's claim is moot is erroneous. Courts are generally reluctant to find mootness. There are generally a few exceptions to the mootness doctrine even where a case might otherwise be moot: The defendant's conduct is capable of repetition yet evading review. Sosna v. Iowa, 419 US 393 (1975); Martinez v. Reich, 934 F.Supp. 232,

3

235-36 (S.D. Tex. 1996); the defendant's conduct has left the plaintiff with a collateral injury even if the primary injury cannot be remedied. Alwan v. Ashcroft, 388 F.3d 507, 510-11 (5th Cir. 2004). Plaintiff faces collateral consequences of inadmissibility due to the allegations of fraud levied against him.

7. Defendants' refusal to act in this case is arbitrary and not in accordance with the law. Defendants willfully and unreasonably have delayed and have refused to adjudicate this matter forthwith, thereby depriving plaintiff of the right to a decision on his status and the peace of mind to which Plaintiff is entitled. Under Administrative Procedure Act (APA) and mandamus power, courts have afforded relief to those aggrieved by unreasonable delay in adjudication of visa applications, Kim v. Ashcroft, 340F. supp. 2d 384, 393 (S.D.N.Y. 2004) (noting that "although there is no statutory or regulatory deadline by which the [agency] must adjudicate [an immigration] application, at some point defendant's failure to take any action runs afoul of [the APA]; id. (stating that agency "does not possess unfettered discretion to relegate aliens to a state of limbo, leaving them to languish there indefinitely") (Internal quotation marks omitted); Agbemaple v. INS, 1998 WL 292441, *2(N.D. Ill. May, 18, 1998); Yu v. Brown, 36 F. Supp. 2d 922, 929-30, 935 (D.N.M. 1999). Where delay is unreasonable, injunctive relief is warranted.

8. The United States Consulate in Johannesburg, South Africa has a duty to adjudicate Plaintiff's application in the light of the facts contained above, but has not done so.

9. Defendants, in violation of the Administrative Procedures Act, 5 U.S.C. Sections 555(b), 701 et seq, unlawfully withheld delaying action to the detriment of Plaintiff, failed to carry out the adjudicative functions delegated to them by law in regard to Plaintiff's case.

10. Jurisdiction in this case is proper under Patel v. Reno, 134 F.3d 929 (9th Cir. 1997), and Mulligan v. Schultz, 848 F.2d 655 (5th Cir 1988), and 22 C.F.R. S 40.6 (c) (d) (e), 28 U.S.C S1331 and 1361, 5 U.S.C   S 701, et seq., and 28 U.S.C S2201 et seq. Relief is requested pursuant to said statutes.

11. Plaintiff has exhausted his administrative remedies. Plaintiff is not challenging the discretion of consul, but rather the authority of the Secretary of State, per Mulligan v. Schultz, 484 F. 2d 655 (5th Cir 1988), and Patel v. Reno 134 F.3d 929 (9th Cir. 1997).

12. Under 22 C.F.R. S 40.6 (e), Plaintiff was denied reconsideration of refusal, despite Plaintiff remitting evidence to overcome the ground of ineligibility on which the refusal was based.

13. The APA provides that a reviewing court shall "compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. §706 (1); see also 5 U.S.C. §555(b) (requiring agencies to conclude matters presented to them "within a reasonable time"); Mastrapasqua v. Shaughnessy, 180 F.2d 999, 1002 (2d Cir. 1950) ("in appropriate circumstances, [courts] can ….compel an official to exercise his discretion where he has obviously failed or refused to do so"). Under the APA and the mandamus power, courts have afforded relief to those aggrieved by unreasonable delay in the adjudication of visa applications. Kim v Ahscroft, 340 F. Supp. 2d 384, 393 (S.D.N.Y. 2004) (noting that "although there is no statutory or regulatory deadline by which the [agency] must adjudicate [an immigration] application, at some point defendants' failure to take any action runs afoul of [the APA]"; id. (stating that agency "does not possess unfettered discretion to relegate aliens to a state of limbo, leaving them to languish there indefinitely") (Internal quotation marks omitted); Agbemaple v. INS, 1998 WL 292441, *2(N.D. III. May, 18, 1998); Yu v. Brown, 36F. Supp. 2d 922, 929-30, 935 (D.N.M. 1999). Where delay is unreasonable, injunctive relief is warranted. Patel v. Reno, 134 F.3d 929, 931-33 (9th Cir. 1998) (finding that delay was unreasonable and remanding with instruction to district court "to order the consulate to either grant or deny the visa applications" within 30 days); Raduga USA Corp. v. Dept of State, 2005 U.S. Dist. LEXIS 22941, *22(S.D. Cal. May 20, 2005) (finding that delay was unreasonable and ordering consul to adjudicate petition, despite government assurance that adjudication was imminent); Nadler v. INS, 737 F. Supp. 658, 659-60 (D.D.C. 1989) (noting earlier finding of unreasonable delay and order requiring government to adjudicate petition). Notably, in each of these

cases that court granted relief even though no time frame for agency action had been specified by Congress or the agency itself.

## RELIEF REQUESTED

WHEREFORE in view of the arguments and authorities noted herein, Plaintiff respectfully requests that Court enters an Order:

1.    Compelling Defendants/U.S. Consulate, Johannesburg, South Africa to adjudicate the Plaintiff's application under the United States Diversity Visa Lottery Program and thereby granting him a favorable decision.

2.    Requesting that the court enter a preliminary injunction enjoining defendants from dismissing Plaintiff's appeal on the grounds that his claim is not moot and afford plaintiff opportunity to avail of the exception to the mootness doctrine, even where a case might otherwise be moot; as Plaintiff squarely fits into these enumerated exceptions, and should as a matter of law be granted relief.

Respectfully submitted this 28th day of May, 2008

Grant Kaplan, Esq.
Counsel for Plaintiff.
7100 W. Camino Real, Suite 100
Boca Raton, FL 33433
Tel:  (561) 347-8337
Fax:  (561) 347-8292

6

# LIST OF ATTACHMENTS

## EXHIBITS

## **CERTIFICATE OF SERVICE**

On May 28, 2008, I, Grant Kaplan, the undersigned, served the within:

Plaintiff's reply

On each person/entity listed below addressed as follows:

By certified mail:
MICHAEL CHERTOFF
Secretary of Homeland Security
Office of the General Counsel
United States Department of Homeland Security
Washington, DC 20528

By certified mail:
CONDOLEEZZA RICE
U.S. Secretary of State
U.S. Department of State
2201 C Street N.W.
Washington, DC 20520

By certified mail:
CHARLOTTE A.ABEL, D.C.
Assistant United States Attorney
Civil Division
555 4th Street N.W.
Washington, D.C. 20530

By Certified mail:
JEFFREY A. TAYLOR
United States Attorney
U.S. Attorney for the District of Columbia
501 Third Street, NW
Washington, DC 20001

On May 28, 2008, I Grant Kaplan, the undersigned, served the within:
Plaintiff's Reply to motion to dismiss.
On each person/entity listed above.

Grant Kaplan Esq.
7100 W. Camino Real
Suite 100
Boca Raton
FL 33433